AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
MICHAEL HAMM (1)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  16CR2016-BLM

JAMI FERRARA
Defendant's Attorney

**REGISTRATION NO.**  58429298

☒ Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT:

☒ pleaded guilty to count(s)  One of the Misdemeanor Information

☐ was found guilty on count(s)
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 641; 18 USC 981(a)(1)(C) and 28 USC 2461(c) | Theft of Government Funds and Criminal Forfeiture | 1 |
| . | . | |
| . | . | |

The defendant is sentenced as provided in pages 2 through   5   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                  is            dismissed on the motion of the United States.

☒ Assessment : $25.00

☒ See fine page    ☒ Forfeiture pursuant to order filed   11/8/2016   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 8, 2016
Date of Imposition of Sentence

*Barbara F Major*
HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATEJUDGE

16CR2016-BLM

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL HAMM (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 16CR2016-BLM | |

## FINE

The defendant shall pay a fine in the amount of   $500.00   unto the United States of America.

This sum shall be paid in monthly payments in the amount of $50.00 starting on 12/1/2016.

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

☒   The interest requirement is waived

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL HAMM (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 16CR2016-BLM | |

# PROBATION

The defendant is hereby sentenced to probation for a term of:
TWO YEARS

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable*.)
- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [ ] The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable*.)
- [ ] The defendant shall participate in an approved program for domestic violence. (*Check if applicable*.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL HAMM (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 16CR2016-BLM | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Complete 100 hours of community service in a program approved by the probation officer.

//

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT:     MICHAEL HAMM (1)                                    Judgment - Page **5** of **5**
CASE NUMBER:   16CR2016-BLM

## RESTITUTION

The defendant shall pay restitution in the amount of   $528.00   unto the United States of America.

The sum shall be paid immediately.
Through the Clerk, U.S. District Court, payable at $528.00 forthwith to:

United States Navy
Ronald J. Borro
Naval Litigation Office
720 Kennon St SE
Washington Navy Yard
Washington, D.C. 23074

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

X    The interest requirement is waived

//

16CR2016-BLM



FILED
NOV - 8 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr2016-BLM |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MICHAEL HAMM, | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in proceeds from Defendant, MICHAEL HAMM ("Defendant"), pursuant to Title 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as charged in the Information; and

WHEREAS, on or about September 7, 2016, Defendant pled guilty to the Information, which plea included consent to the forfeiture allegations of the Information, and an agreement to the entry of a $528.00 judgment against the Defendant in favor of the United States; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court has determined that $528.00 (U.S. dollars) represents the proceeds that the Defendant obtained directly or indirectly as a result of the offense of theft of public property, in violation of 18 U.S.C. § 641, as charged in the Information; and

1  WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount of $528.00, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $528.00 judgment and the offense; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;"

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant MICHAEL HAMM shall forfeit to the United States the sum of $528.00 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the form of a judgment in favor of the United States against Defendant, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment; and

3. Pursuant to Rule 32.2(b)(4) and pursuant to the terms of the plea agreement, this Order of Forfeiture is final as to the Defendant and shall be included as part of the sentence and included in the judgment; and

4. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $528.00 to satisfy the money judgment in whole or in part; and

//

6.  The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: 11/8/16

*Barbara L. Major* (signature)
BARBARA LYNN MAJOR
United States Magistrate Judge